UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY D. MCCLUNG,<br><br>                  Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                  Defendant. | NO:  CV-11-306-RMP<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment, ECF

Nos. 13, 16.  The Court has reviewed the motions, the memoranda in support, the

Plaintiff's reply memorandum, the administrative record, and is fully informed.

**JURISDICTION**

Plaintiff Timothy D. McClung filed applications for Supplemental Security

Income ("SSI") and Social Security Disability Insurance ("SSDI") on May 22,

2008.  (Tr. 19, 116-17, 118-20.)   Plaintiff alleged an onset date of August 15,

2006, in both applications.  (Tr. 116, 118.)  Benefits were denied initially and on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

reconsideration.  On August 17, 2009, Plaintiff timely requested a hearing before

an administrative law judge ("ALJ").  (Tr. 92-93.)  A hearing was held before ALJ

Moira Ausems on May 19, 2010.  (Tr. 42-70.)    At that hearing, testimony was

taken from vocational expert Deborah Lapoint; and the claimant, Mr. McClung.

(Tr. 42.)  Plaintiff was represented by attorney Dana Madsen.  (Tr. 42.)  On August

6, 2010, ALJ Ausems issued a decision finding Plaintiff not disabled.  (Tr. 19-30.)

The Appeals Council denied review.  (Tr. 1-3.)  This matter is properly before this

Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts

and record and will only be summarized here.  The Plaintiff was twenty-one years

old when he applied for benefits and was twenty-three years old when ALJ

Ausems issued her decision.  The Plaintiff currently is unemployed and stays with

friends.  The Plaintiff last worked briefly as a late night janitor.  (Tr. 51.)  The

Plaintiff describes myriad conditions that keep him from finding employment,

including back pain and depression.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

Commissioner's decision, made through an ALJ, when the determination is not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

based on legal error and is supported by substantial evidence.  *See Jones v.*

*Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The

[Commissioner's] determination that a claimant is not disabled will be upheld if

the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*,

722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial

evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*,

888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and*

*Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means

such evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).

"[S]uch inferences and conclusions as the [Commissioner] may reasonably draw

from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293

(9th Cir. 1965).  On review, the court considers the record as a whole, not just the

evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877

F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.

1980)).

        It is the role of the trier of fact, not this court, to resolve conflicts in

evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one

rational interpretation, the court may not substitute its judgment for that of the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

prevents the claimant from performing work he or she has performed in the past.

If the plaintiff is able to perform his or her previous work, the claimant is not

disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the

claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the

process determines whether the claimant is able to perform other work in the

national economy in view of his or her residual functional capacity and age,

education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921

(9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial

burden is met once the claimant establishes that a physical or mental impairment

prevents him from engaging in his or her previous occupation.  The burden then

shifts, at step five, to the Commissioner to show that (1) the claimant can perform

other substantial gainful activity, and (2) a "significant number of jobs exist in the

national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d

1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

**ALJ'S FINDINGS**

ALJ Ausems found that the Plaintiff met the insured status requirement through June 30, 2008.  (Tr. 21.)  At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 15, 2006, the alleged date of onset.  (Tr. 21.)  At step two, the ALJ found that Plaintiff had the severe impairments of: (1) congenital L5 pars defect causing alleged chronic pain, (2) a depressive disorder, (3) post-traumatic stress disorder, (4) a personality disorder, and (5) poly-substance dependence.  (Tr. 21-23.)  The ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 23-24.)  The ALJ determined that the Plaintiff had the RFC to perform light work subject to a wide variety of non-exertional limitations, including a limitation to semi-skilled work.  (Tr. 24-28.)  At step four, the ALJ found that the Plaintiff could not perform any relevant past work.  (Tr. 28.)  At step five, the ALJ, relying on a vocational expert, found that the Plaintiff could perform jobs that exist in significant numbers in the national economy.  (Tr. 28-29.)  Accordingly, the ALJ found that the Plaintiff was not under a disability for purposes of the Act.  (Tr. 29-30.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

**ISSUES**

Plaintiff argues that the ALJ erred by insufficiently addressing the opinions of Kayleen Islam-Zwart, Ph.D., and Judith Randall, Advanced Registered Nursed Practitioner ("ARNP").

**DISCUSSION**

**Medical Evidence**

In evaluating a disability claim, the adjudicator must consider all medical evidence provided. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the testimony of a non-examining medical expert selected by the ALJ may be helpful in her adjudication. *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996.) Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his or her own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

### *Dr. Islam-Zwart*

Dr. Islam-Zwart examined Mr. McClung on September 28, 2007. (Tr. 296.) Dr. Islam-Zwart performed a mental status exam, a personality assessment inventory, and other tests upon Mr. McClung. (Tr. 298-99.) Dr. Islam-Zwart

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    concluded that while Mr. McClung indicated "a history of acting out behaviors and

2    depression," those diagnoses were "for the most part resolved when [Mr.

3    McClung] turned 18." (Tr. 299.) Dr. Islam-Zwart identified a Global Assessment

4    of Functioning score of 68 for Mr. McClung, which suggests only mild symptoms

5    and generally good functioning. (Tr. 27, 299.)

6         Mr. McClung argues that the ALJ erred in rejecting Dr. Islam-Zwart's

7    opinion. Specifically, Mr. McClung asserts that the ALJ failed to address Dr.

8    Islam-Zwart's opinion that Mr. McClung was moderately limited in his ability to

9    relate appropriately to co-workers and supervisors. Mr. McClung argues that

10   because ALJ Ausems did not include a moderate limitation to relate to co-workers

11   in her RFC, she implicitly rejected Dr. Islam-Zwart's opinion.

12        ALJ Ausems addressed Dr. Islam-Zwart's opinion. (Tr. 22, 27.) While ALJ

13   Ausems did not specifically mention the checked box on the form finding a

14   moderate limitation in dealing with co-workers, ALJ Ausems did incorporate a

15   limitation that Mr. McClung should have "no more than occasional contact with

16   the general public and coworkers." (Tr. 24.) While Mr. McClung argues that his

17   social limitations preclude work altogether, it was Dr. Islam-Zwart's opinion in her

18   narrative opinion that Mr. McClung appeared able to work. (Tr. 299.) ALJ

19   Ausems' opinion gives effect to the more detailed narrative provided by Dr. Islam-

20   Zwart, while Mr. McClung's argument extracts a single checkbox out of an eight-

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

page opinion.  Accordingly, the Court finds that ALJ Ausems did not reject Dr. Islam-Zwart's opinion but instead incorporated Dr. Islam-Zwart's findings into a reasonable RFC.  Furthermore, even if ALJ Ausems' failure to specifically address the checked box was error, such error was harmless where the checked box form was conclusory and contradicted the more thoroughly explained narrative opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

### *Judith Randall, ARNP*

In addition to the opinion of Dr. Islam-Zwart, Mr. McClung argues that ALJ Ausems failed to properly consider the opinion of Judith Randall, ARNP.  Ms. Randall opined that Mr. McClung suffered from lumbosacral spondylolysis that limited Mr. McClung to sedentary work.  (Tr. 230.)  The ALJ rejected Ms. Randall's opinion because Ms. Randall "was only a short term treating source, is not a specialist, is not an acceptable medical source, and the opinion is not supported by medically acceptable clinical findings and laboratory diagnostic techniques."  (Tr. 27.)  ALJ Ausems also noted that "the examination findings were essentially normal," the opinion contradicted Mr. McClung's testimony about his activities of daily living, the opinion is conclusive, the opinion contradicts the opinions of other examiners, and the opinion is based on Mr. McClung's self-reports, which are not credible.  (Tr. 27-28.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    Ms. Randall, as an ARNP, is not an acceptable medical source.  20 C.F.R.

2    § 404.1513(a).  Mr. McClung asks this Court to assume that Ms. Randall was

3    working with a physician when she produced her opinion.  ECF No. 14 at 10.

4    However, nothing in the record suggests that a physician signed off on Ms.

5    Randall's report, and this Court will not assume facts that are not in evidence.

6    Opinions from non-acceptable medical sources may be entitled to less

7    weight than opinions of acceptable medical sources.  SSR 06-03p.  Ms. Randall's

8    opinion contradicts the opinion of an examining medical source.  Mr. McClung

9    was seen by consultative medical examiner Robert Bray, M.D. on April 25, 2009.

10   (Tr. 255.)  In addition to examining Mr. McClung, Dr. Bray reviewed Ms.

11   Randall's opinion.  (Tr. 256.)  Dr. Bray opined that Mr. McClung would be able to

12   lift and carry twenty-five pounds frequently and fifty pounds occasionally, directly

13   contradicting Ms. Randall's finding that Mr. McClung was physically limited to

14   sedentary work.  (Tr. 260.)

15   A reviewing physician, Norman Staley, M.D., concurred with Ms. Randall's

16   lumbosacral spondylolysis diagnosis but also concurred with Dr. Bray that Mr.

17   McClung could regularly lift twenty-five pounds.  (Tr. 262, 268.)  Dr. Staley's

18   opinion makes clear that a lumbosacral spondylolysis diagnosis does not always

19   necessitate a finding that a patient is limited to sedentary work.  Given that Ms.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

Randall gives no other reason to support her finding that Mr. McClung is limited to sedentary work, the ALJ is correct in finding Ms. Randall's opinion conclusory.

In light of the conclusory nature of Ms. Randall's opinion, the fact that it contradicts both examining and reviewing opinions from acceptable medical sources, and the fact that Ms. Randall is not an acceptable medical source, the Court finds that the ALJ provided germane reasons to discount Ms. Randall's opinion that are supported by substantial evidence and free of legal error.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, **ECF No. 13**, is **DENIED**.

2. The Defendant's motion for summary judgment, **ECF No. 16**, is **GRANTED**.

3. **JUDGMENT** shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 12th day of November 2013.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13